UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

STEVEN A. OREBAUGH
and
ELIZABETH E. OREBAUGH

        Plaintiffs,

v.

        Civil Action No. 3:12CV274

GLASSER AND GLASSER, P.L.C.,
SERVE: Michael A. Glasser, Reg. Agent
       Crown Center
       580 E Main Street, Suite 600
       Norfolk, VA 23510

        Defendant.

## COMPLAINT AND DEMAND FOR JURY TRIAL

### INTRODUCTION

1. This is an action seeking damages arising from Defendant's unlawful attempts to collect a delinquent home mortgage debt alleged owed by Mr. and Mrs. Orebaugh and to foreclose on the subject Deed of Trust. Mr. and Mrs. Orebaugh alleges that Defendant, a debt collection law firm, violated the Fair Debt Collection Practices Act, 15 U.S.C. §§1692 *et seq.* ("FDCPA") by, among other things, failing to identify the correct creditor and by making false statements in connection with the debt in violation of 15 U.S.C. §1692e and g(a)(4) and (5).

### JURISDICTION

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, and the FDCPA, 15 U.S.C. §1692k(d).

### PARTIES

3. Plaintiffs Steven A. Orebaugh and Elizabeth E. Orebaugh("Mr. and Mrs. Orebaugh") are natural persons who resids in Virginia. Mr. and Mrs. Orebaugh are consumers within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(3).

4. Defendant Glasser and Glasser, P.L.C. ("Glasser") is a law firm, the principal purpose of whose businesses is the collection of debts.

5. Defendant regularly collects or attempts to collect debts owed or due or asserted to be owed or due another, and is a "debt collector" within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(6). Defendant moreover uses one or more instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the enforcement of security interests.

## STATEMENT OF FACTS

6. Mr. and Mrs. Orebaugh borrowed $216,000 in order to finance their mortgage, as evidence by a promissory note ("Note"), dated November 30, 2006. The Note was payable to Countrywide Home Loans.

7. The Note was secured by a Deed of Trust dated November 30, 2006 and recorded in the Clerk's Office of Circuit Court. Mr. and Mrs. Orebaugh's Note and Deed of Trust obligated them to repay Countrywide, Inc.

12. Mr. and Mrs. Orebaugh's loan was serviced by Countrywide Home Loans, which was eventually acquired by BAC Home Loans Servicing, LP and then Bank of America. As a servicer, these entities acted on behalf of the owner of the loan to conduct certain customary serving functions, such as to collect and record payments, communicate with the homeowner, and assess late fees.

13. Mr. and Mrs. Orebaugh received a loan modification, pursuant to a loan modification agreement entered into with Countrywide Home Loans on August 14, 2008 that was effective September 1, 2008.

14. Mr. and Mrs. Orebaugh regularly made their payments to Countrywide Home Loans and then to BAC Home Loans Servicing, LP pursuant to their loan modification agreement.

15. For nearly three years, Mr. and Mrs. Orebaugh payed in accordance with their loan modification until, inexplicably, their servicer decided to no longer honor the agreement.

### *Glasser is a Debt Collector*

16. Defendant Glasser is a law firm whose practice is focused on the collection of debts.

17. Defendant regularly collects home loan debts.

18. Defendant regularly demands payment from consumers of claimed arrearages and provides to consumers reinstatement quotes and itemizations of amounts that Defendant is attempting to collect.

19. Defendant regularly tells consumers in correspondence that "this is an attempt to collect a debt and any information obtained will be used for that purpose" and/or that the communication is from a debt collector, the disclosures that the FDCPA, at 15 U.S.C. § 1692e(11), requires that debt collectors provide in all written communications (other than a formal pleading) sent "in connection with the collection of any debt" ("the § 1692e(11) disclosure").

20. Defendant regularly attempts to provide the verification of debts required by the FDCPA, at 15 U.S.C. § 1692g(b), upon written request from consumers.

3

21. Defendant's website advertises the firm's debt collection practice "consist[ing] of attorneys, legal assistants, and support staff that are extensively trained and have significant experience in retail, commercial, and municipal legal collections, knowledge of controlling federal and state laws, and a command of local practice and procedure throughout Virginia. Our collection philosophy is simple: Every activity that we perform in the life of a collection account must be oriented toward obtaining and executing on a judgment or on obtaining payment in full, acceptable voluntary payments, or settlement. Through the use of letters, telephone contacts, skip tracing, and legal process, we offer collection agency tactics coupled with the full arsenal of Virginia's judicial remedies for collection."[1]

22. Defendant sent Mr. and Mrs. Orebaigh a March 30, 2012 dunning letter,[2] which stated that the Defendant had been instructed to initiate foreclosure proceedings on Mr. and Mrs. Orebaugh's home. A copy of the March 30, 2012 correspondence is attached hereto as EXHIBIT A.

23. The debt, a home loan, was incurred primarily for personal, family, or household purposes, within the purview of the FDCPA. 15 U.S.C. § 1692a(5).

24. At the time of this initial communication, Mr. and Mrs. Orebaugh were in default on their mortgage loan.

25. The March 30, 2012 correspondence stated the following information was provided as required by the terms of the deed of trust:

1. Payoff Amount: $241,696.47, plus attorney fees and costs.

2. Past Due Amount: $24,946.15, plus attorney fees and costs.

---

[1] www.glasserlaw.com/collections.html (last visited March 31, 2012).
[2] A "dunning letter" is a letter demanding payment of a debt--*i.e.*, a collection notice. *Bicking v. Law Offices of Rubenstein and Cogan*, 783 F. Supp. 2d at 841 (E.D. Va. 2011).

3. We have been advised by The Bank of New York Mellon that you have defaulted in the terms of the deed of trust that The Bank of New York Mellon holds on your property due to your failure to make timely monthly installments as required by the terms of the deed of trust. This notice is being given to you pursuant to the terms of the deed of trust....Because of interest, late charges, fees, costs and other charges that may vary from day to day, the amount due on the day you pay may be greater than the amount stated above. You should contact Crystal Powell of this office at (757)-625-6786 ext. 572, to obtain the amount necessary to cure the default.

4. Please be advised that this is a communication from a debt collector. This is an attempt to collect a debt. Any information obtained will be used for that purpose. If this is the initial communication that we have forwarded to you, the following applies: unless you notify this office within thirty (30) days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume the debt is valid. If you notify this office in writing within thirty (30) days of the receipt of this notice, we will obtain verification of the debt and mail you a copy of said verification. We will provide you with the name and address of the original noteholder (if different from the current noteholder) upon your written requests within the thirty (30) day period.

26. The text of the notice requirement set forth in the FDCPA, at 15 U.S.C. § 1692g, reads as follows:

*Notice of debt; contents*
(a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing--
    (1)    the amount of the debt;
    (2)    the name of the creditor to whom the debt is owed;
    (3)    a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
    (4)    a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
    (5)    a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

27. The notice by which the Defendant purports to make the required disclosures is defective in various respects.

28. The March 30, 2012 dunning letter does not disclose the name of the creditor to whom the debt is owed, as is required by 15 U.S.C. § 1692g(a)(1). See, e.g., *Bourff v. Rubin Lublin, LLC*, 2012 U.S. App. LEXIS 5613, *5 (11th Cir. 2012)(stating "[t]he identity of the "creditor" is a serious matter").

29. The March 30, 2012 dunning letter states, falsely, that the creditor to whom the debt is owed is The Bank of New York Mellon ("New York Mellon").

30. New York Mellon is not the creditor to whom the debt is owed.

31. New York Mellon was not the creditor to whom the debt was owed on March 30, 2012.

32. New York Mellon has never been the creditor to whom the debt was owed.

33. On information and belief, the Plaintiff alleges that New York Mellon has never been in possession of an endorsed in blank or "bearer" note.

34. The March 30, 2012 dunning letter also fails to state the amount of the debt that is owed.

35. The March 30, 2012 dunning letter gives a payoff and reinstatement amount that does not include attorney's fees and costs that are claimed due.

### *Defendant States the Amount Due and the Payoff Amount*

36. In the same correspondence to Mr. and Mrs. Orebaugh dated, March 30, 2012, Defendant stated that New York Mellon is the referenced deed of trust beneficiary of Mr. and Mrs. Orebaugh's mortgage loan.

37. This is a false statement.

38. New York Mellon was never the beneficiary under Mr. and Mrs. Orebaugh's mortgage loan.

39. New York Mellon never had the authority to enforce the note.

40. In the same correspondence to Mr. and Mrs. Orebaugh, dated March 30, 2012, Defendants stated the Payoff Amount was $241,696.47, plus attorney fees and costs and that the Past Due Amount was $24,846.15, plus attorney fees and costs.

41. This is a false statement.

42. Defendant's March 30, 2012 letter further advised Mr. and Mrs. Orebaugh that Defendant was a communication from a debt collector.

43. As a result of the acts and omissions of the Defendant, Mr. and Mrs. Orebaugh have suffered actual damages and injury, including but not limited to, emotional distress, mental anguish, and suffering.

### Count I: Violations of the FDCPA, 15 U.S.C. § 1692g

44. Paragraphs 1 through 43 of the Complaint are incorporated by reference.

45. By failing to disclose in the March 30, 2012 letter the name of the creditor to whom the debt was owed, Defendant violated 15 U.S.C. § 1692g(a)(2).

46. Further, by failing to state the amount due in the March 30, 2012 letter, the Defendant violated 15 U.S.C. § 1692g(a)(1).

47. As a result, Plaintiffs are entitled to recover statutory damages, actual damages, reasonable attorney's fees, and costs against Defendant pursuant to 15 U.S.C. § 1692k.

### Count II: Violations of the FDCPA, 15 U.S.C. § 1692e

48. Paragraphs 1 through 47 of the Complaint are incorporated by reference.

49. By falsely stating in the March 30, 2012 correspondence that New York Mellon was the beneficiary under the subject deed of trust, Defendant violated 15 U.S.C. § 1692e, e(2)(A), and/or e(10).

50. As a result, Plaintiffs are entitled to recover statutory damages, actual damages, reasonable attorney's fees, and costs against Defendant pursuant to 15 U.S.C. § 1692k.

### Count III: Violations of the FDCPA, 15 U.S.C. § 1692e(2)(A)

51. Paragraphs 1 through 50 of the Complaint are incorporated by reference.

52. By falsely stating in the March 30, 2012 correspondence the amount owed by the Plaintiffs, Defendant violated 15 U.S.C. § 1692e, e(2)(A), and/or e(10).

53. As a result, Plaintiffs are entitled to recover statutory damages, actual damages, reasonable attorney's fees, and costs against Defendant pursuant to 15 U.S.C. § 1692k.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff request that the Court grant the following relief:

1. Award Plaintiff actual damages;
2. Award Plaintiff statutory damages;
3. Award Plaintiff reasonable attorney's fees;
4. Award Plaintiff costs;
5. Such other relief as may be just and proper.

**TRIAL BY JURY IS DEMANDED**

Respectfully submitted,
Steven A. Orebaugh
and
Elizabeth Orebaugh
By Counsel

_/s/ Kelly_
By: Kristi C. Kelly, Esq., VSB #72791
Scott A. Surovell, Esq., VSB # 40278
SUROVELL ISAACS PETERSEN & LEVY PLC
4010 University Drive, 2nd Floor
Fairfax, VA 22030
(703) 277-9774
(703) 591-9285 Facsimile
kkelly@siplfirm.com
ssurovell@siplfirm.com

Dale W. Pittman, VSB#15673
THE LAW OFFICE OF DALE W. PITTMAN, P.C.
The Eliza Spotswood House
112-A West Tabb Street
Petersburg, VA 23803
(804) 861-6000
(804) 861-3368 Facsimile
dale@pittmanlawoffice.com

Leonard A. Bennett, VSB #37523
Susan M. Rotkis, VSB # 40693
CONSUMER LITIGATION ASSOCIATES, P.C.
12515 Warwick Boulevard, Suite 201
Newport News, Virginia 23606
(757) 930-3660
(757) 930-3662 Facsimile
lenbennett@clalegal.com
srotkis@clalegal.com

Matthew J. Erausquin, VSB #65434
CONSUMER LITIGATION ASSOCIATES, P.C.
1800 Diagonal Rd, Suite 600
Alexandria, VA 22314
(703) 273-7770
(888) 892-3512 Facsimile
matt@clalegal.com

Counsel for Plaintiffs